KEKER, VAN NEST & PETERS LLP
BENJAMIN BERKOWITZ - # 244441
bberkowitz@keker.com
CHRISTINA LEE - # 314339
clee@keker.com
IAN KANIG - # 295623
ikanig@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

Attorneys for Defendant TWILIO INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JONATHON PERRY-HUDSON,<br><br>Plaintiff,<br><br>v.<br><br>TWILIO INC.,<br><br>Defendant. | Case No. 4:24-CV-03741-VC<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT TWILIO INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>**Pursuant to Fed. R. Evid. 201.**<br><br>Date: November 21, 2024<br>Time: 10:00a.m.<br>Dept.: 4—17th Floor<br>Judge: Hon. Vince Chhabria<br><br>Date Filed: June 21, 2024<br><br>Trial Date: Not Yet Set |

**TWILIO'S REQUEST FOR JUDICIAL NOTICE**

Plaintiff Jonathon Perry-Hudson alleges that Keeps, a company that offers men's hair loss treatments online, installed Defendant Twilio Inc.'s customer engagement software on the Keeps website. Dkt. No. 1 ("Compl.") ¶¶ 27–37.[1] He says that Keeps used Twilio's software to collect information about its customers' purchases, build customer profiles about them, and then deliver internet ads related to hair loss treatments through its advertising partners. *Id.* ¶¶ 38–51. In doing so, Plaintiff claims that Keeps sent his personal information to Twilio, but never disclosed that third-party vendors like Twilio might receive that information and then use it for marketing and advertising purposes. *Id.* ¶¶ 5–7, 76, 86, 92. On that basis, he has filed this class action against ***Twilio*** for wiretapping and eavesdropping under the California Invasion of Privacy Act ("CIPA") and invasion of privacy under the California Constitution and common law. *Id.* ¶¶ 68–94.

Twilio has now moved to dismiss Plaintiff's action for failing to state a claim. In support of that motion, Twilio respectfully requests that the Court take notice of several documents that are referenced, relied upon, cited, and/or quoted in Plaintiff's complaint. These documents—the Keeps Privacy Policy, the Keeps Terms, the Twilio Software Contract, and websites describing Twilio's software product cited by Plaintiff (the "Product Descriptions")—are subject to judicial notice and/or incorporated by reference into Plaintiff's complaint for the reasons set forth below.

## I. JUDICIAL NOTICE AND INCORPORATION-BY-REFERENCE DOCTRINES

In considering a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a court may consider any matters subject to judicial notice. *Swartz v. KMPG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *see also Tellabs, Inc. v. Makor Issues & Rts.*, Ltd., 551 U.S. 308, 322 (2007). A matter is subject to judicial notice when it is "not subject to reasonable dispute" because it either "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

[1] Keeps is a DBA of non-party Thirty Madison, Inc., which operates several telehealth brands. To maintain consistency with Plaintiff's complaint, Twilio refers to Thirty Madison as Keeps.

Further, under the incorporation-by-reference doctrine, a court may consider a document extrinsic to the complaint if the document's "authenticity is not contested[,] and the plaintiff's complaint necessarily relies on [it]." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).[2] A plaintiff's complaint necessarily relies on an extrinsic document "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (citations omitted). The Ninth Circuit has also held that quoting from a document is sufficient to incorporate a document by reference. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). Where incorporated by reference, a district court can treat a document as part of the complaint and "thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Ritchie*, 342 F.3d at 908.

## II. ARGUMENT

Judicial notice and incorporation by reference of the Keeps Privacy Policy, the Keeps Terms, the Twilio Software Contract, and the Product Websites is proper and warranted. Before turning to discuss the reasons why, Twilio first identifies the documents at issue for the Court.

### A. The Keeps Privacy Policy, the Keeps Terms, the Twilio Software Contract, and the Product Descriptions are the materials subject to Twilio's request.

**The Keeps Privacy Policy.** Attached as is **Exhibit A** to the Declaration of Ian Kanig filed concurrently herewith ("Kanig Declaration"), is a true and correct copy of the version of the Keeps Privacy Policy that was in effect from September 29, 2023, to May 12, 2024. Attached as **Exhibit B** is a true and correct copy of the Keeps Privacy Policy that was in effect from May 13, 2024, to July 16, 2024. Attached as **Exhibit C** is a true and correct copy of the Keeps Privacy Policy that has been in effect since July 17, 2024.

[2] Incorporation by reference is different than judicial notice, *Lee*, 250 F.3d at 688–89, and the standards are different, too, *see Gammel v. Hewlett-Packard Co.*, 905 F. Supp. 2d 1052, 1061 (C.D. Cal. 2012) ("[T]he Court may consider [documents'] contents under the incorporation by reference doctrine even if they fail to satisfy Rule 201's requirements for judicial notice.").

**The Keeps Terms**. Attached as **Exhibit D** is a true and correct copy of the Keeps Terms that were in effect from August 1, 2022, until August 14, 2024. Attached as **Exhibit E** is a true and correct copy of the current Thirty Madison Terms that went into effect on August 15, 2024. Again, there is no material difference between these versions of the Keeps Terms for Twilio's motion.

**The Twilio Software Contract**. Attached as **Exhibit F** is a true and correct copy of Twilio's Master Sales Agreement between Twilio and Keeps regarding the Segment software that is at issue in this case, executed on September 30, 2020.[3] Attached as **Exhibit G** is a true and correct copy of Twilio's Business Associate Addendum, also executed on September 30, 2020, which is an addendum to Exhibit F, Twilio's Master Sales Agreement. And attached as **Exhibit H** is a true and correct copy of Amendment Number 1 to the Twilio Business Associate Addendum, executed on November 29, 2022, which is an amendment to Twilio's Business Associate Addendum. Collectively, Exhibits F–H are referred to as the Twilio Software Contract.

**Product Descriptions.** Attached as **Exhibit I** is a true and correct copy of the document entitled "What is Twilio? An introduction to the leading customer engagement platform." **Exhibit J** is a true and correct copy of a document entitled "Twilio Segment." **Exhibit K** is a true and correct copy of the document entitled "Twilio Confirms It Is Buying Segment For $3.2b In An All-Stock Deal." **Exhibit L** is a true and correct copy of a document entitled "What Is Segment.io?" **Exhibit M** is a true and correct copy of a document entitled "Using Engage Data." **Exhibit N** is a true and correct copy of a developer guide entitled "Facebook Custom Audiences Destination." **Exhibit O** is a true and correct copy of a developer guide entitled "Engage Audiences Overview." **Exhibit P** is true and correct copy of a developer guide entitled "Engage Introduction." Exhibits I–P are all cited and quoted in Plaintiff's complaint. Compl. ¶¶ 27–36 & nn. 10–24. Collectively these documents are referred to as the "Product Descriptions."

///

///

[3] Thirty Madison, Inc., which does business as Keeps, is the successor-in-interest of Propel Network, LLC, which was the original signatory to the Keeps Master Sales Agreement.

**B. The Keeps Privacy Policy, Keeps Terms, and Product Descriptions are properly subject to judicial notice as publicly-available webpages.**

Twilio properly requests judicial notice of the Keeps Privacy Policy (Exhibits A–C), the Keeps Terms (Exhibit D & E), and the Product Descriptions (Exhibit I–P) because they are all publicly-available webpages, and their authenticity is not subject to reasonable dispute. "In general, websites and their contents may be judicially noticed." *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020). For that reason, courts in this District regularly take judicial notice of publicly-available websites and their contents, including "privacy policies" and "terms of service." *E.g.*, *Zhang v. Twitter Inc.*, No. 23-CV-00980-JSC, 2023 WL 5493823, at *3 (N.D. Cal. Aug. 23, 2023); *see also, e.g.*, *In re Google, Inc. Privacy Policy Litig.*, No. C 12-01382 PSG, 2012 WL 6738343, at *3–4 (N.D. Cal. Dec. 28, 2012) (Google's "past and present" Privacy Policies); *Yuksel v. Twitter, Inc.*, No. 22-CV-05415-TSH, 2022 WL 16748612, at *2 (N.D. Cal. Nov. 7, 2022) (Twitter's Terms of Service); *Datel Holdings, Ltd. v. Microsoft Corp.*, 712 F.Supp.2d 974, 983–84 (N.D. Cal. 2010) (Microsoft's Xbox Terms of Use).

These documents are also relevant to the Court's review of Plaintiff's complaint and Twilio's motion to dismiss. The Keeps Privacy Policy and the Keeps Terms contain disclosures and product information that were presented to Plaintiff that defeat all of his privacy claims against Twilio as a matter of law. *See* Twilio's MTD at 4–5, 7–9 (citing *Hammerling v. Google, LLC*, No. 22–17024, 2024 WL 937247, at *3 (9th Cir. Mar. 5, 2024); *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 828 (N.D. Cal. 2020)). The Product Descriptions are documents that Plaintiff quotes, cites, and relies upon in his complaint, but which he mischaracterizes in a manner that inaccurately conveys their contents to misdescribe the Twilio software product at issue in this case. Compl. ¶¶ 27–36 & nn.10–24. For example, Plaintiff alleges based on the Product Descriptions that Twilio shares the data that it may collect from one customer with other customers, including his personally-identifiable health information. *Id.* ¶ 55. But none of the Product Descriptions on which Plaintiff relies to support this claim (some of which were authored by Twilio, and others of which were authored by third parties) say that. *See* Twilio's MTD at 10–12, 14–15. Accordingly, judicial notice of these documents is proper and relevant to the Court's

review of Twilio's motion to dismiss.

### C. Plaintiff incorporated the Twilio Software Contract and Product Descriptions in order to allege that Keeps and Twilio colluded to violate his privacy rights.

The Twilio Software Contract (Exhibits F–H) is incorporated by reference into Plaintiff's complaint. Plaintiff references this contract at the beginning of his complaint and alleges that it is ***the enabling contractual document*** that is the source of his claims against Twilio. Compl. ¶ 3 ("Defendant contracts with Keeps to enable the conduct at issue."). He then relies on this agreement to allege that Keeps and Twilio colluded to violate his privacy rights for their mutual profit: "The agreement for [Twilio] to wiretap Plaintiff's and Class Member's communications on the [Keeps] Website is done for the purpose of improperly increasing the advertising efficacy and, by extension, profits of both parties." *Id.* ¶ 56; *see also id.* ¶¶ 11, 71 (citing the conspiracy provision of the CIPA in reference to Keeps and Twilio's agreement). Because Plaintiff references and necessarily relies upon the Twilio Software Contract to state his claims against Twilio, it is incorporated by reference. *See Lee*, 250 F.3d at 688 (9th Cir. 2001); *Ritchie*, 342 F.3d at 908.

In an attempt to substantiate these allegations of collusion with technical details, Plaintiff quotes, cites, and otherwise relies upon the Product Descriptions, which are Twilio and non-Twilio webpages that allegedly describe Twilio's software at issue. *See id.* ¶¶ 27–37 & nn.10–24. Thus, for the same reason, the Product Descriptions are incorporated by reference as well. *See Lee*, 250 F.3d at 688 (9th Cir. 2001); *Ritchie*, 342 F.3d at 908. Accordingly, the Twilio Software Contract and Product Descriptions are properly subject to incorporation by reference.

### D. Plaintiff has also incorporated the Keeps Privacy Policy because his claims hinge upon his allegation that no materials containing its disclosures exist.

Finally, the Twilio Privacy Policy is also incorporated by reference. Courts recognize that incorporation is proper where the plaintiff has alleged that the defendant did not provide certain notice, and that absence of notice is key to the plaintiff's claims. *See Al-Ahmed v. Twitter, Inc.*, No. 21-CV-08017-EMC, 2022 WL 1605673, at *4 (N.D. Cal. May 20, 2022) (incorporation by reference of notices that the plaintiff claims do not exist is appropriate where the authenticity of

the materials is undisputed) (citing *Starks v. Geico Indem. Co.*, No. CV-15-5771-MWF (PJW), 2015 WL 12942282, at *2 (C.D. Cal. Nov. 10, 2015)). Here, Plaintiff claims that Keeps never disclosed that third-party vendors like Twilio might receive his personal information and then use it for marketing and advertising purposes. *Id.* ¶¶ 5–7, 76, 86, 92. Yet, the Keeps Privacy Policy did disclose to him that Keeps may share his personal information to third-party vendors. Thus, the existence and contents of the Keeps Privacy Policy are subject to incorporation by reference.

## III. CONCLUSION

Twilio respectfully requests that the Court grant its request for judicial notice and incorporation by reference in support of its motion to dismiss.

Dated: August 19, 2024

KEKER, VAN NEST & PETERS LLP

By: */s/ Ian Kanig*
BENJAMIN BERKOWITZ
IAN KANIG
CHRISTINA LEE

Attorneys for Defendant TWILIO INC.