**BURSOR & FISHER, P.A.**
Brittany S. Scott (State Bar No. 327132)
Joshua R. Wilner (State Bar No. 353949)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: bscott@bursor.com
jwilner@bursor.com

**BURSOR & FISHER, P.A.**
Philip L. Fraietta (State Bar No. 354768)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: 646-837-7150
Facsimile: (212) 989-9163
E-Mail: pfraietta@bursor.com

**DRURY LEGAL, LLC**
Scott R. Drury (State Bar No. 355002)
6 Carriage Lane
Highwood, Illinois 60040
Telephone: (312) 358-8225
E-mail: scott@drurylegal.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

JONATHON PERRY-HUDSON, individually and on behalf of all others similarly situated,

Plaintiff,

v.

TWILIO, INC.,

Defendant.

Case No. 3:24-cv-03741-VC

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**

Date: October 31, 2024
Time: 10:00 a.m.
Courtroom: 4
Judge: Hon. Vince Chhabria

## TABLE OF CONTENTS

**PAGE(S)**

INTRODUCTION ..... 1

THE DOCUMENTS ..... 1

ARGUMENT ..... 2

I. LEGAL STANDARD ..... 2

II. DEFENDANT FAILS TO AUTHENTICATE THE PURPORTED PRIOR VERSIONS OF THE PRIVACY POLICIES AND TERMS OR TO ESTABLISH THEY APPEARED ON THE KEEPS WEBSITE ..... 3

III. THIS COURT SHOULD NOT TAKE JUDICIAL NOTICE OF THE WEBSITE PRINTOUTS OF A PRIVATE CORPORATION OR DOCUMENTS WITHIN DEFENDANT'S CONTROL ..... 4

IV. DEFENDANT IMPROPERLY SEEKS TO INVOKE THE INCORPORATION-BY-REFERENCE DOCTRINE TO DISPUTE PLAINTIFF'S WELL-PLEADED FACTS ..... 6

V. INCORPORATION-BY-REFERENCE CANNOT BE USED IF THERE ARE MULTIPLE VERSIONS OF THE SUBMITTED DOCUMENT ..... 6

VI. THE DOCUMENTS RELATE TO AFFIRMATIVE DEFENSES AND SHOULD NOT BE INCORPORATED BY REFERENCE ..... 7

VII. THE DOCUMENTS ARE NOT EXTENSIVELY REFERRED TO IN THE COMPLAINT ..... 8

CONCLUSION ..... 8

## TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Daniels-Hall v. Nat'l Educ. Ass'n*,
629 F.3d 992 (9th Cir. 2010) .......... 5

*Doe I v. Google LLC*,
2024 WL 3490744 (N.D. Cal. July 22, 2024) .......... 8

*Farrell v. Boeing Employees Credit Union,*
761 F. App'x 682 (9th Cir. 2019) .......... 6

*Genasys Inc. v. Vector Acoustics, LLC*,
638 F. Supp. 3d 1135 (S.D. Cal. 2022) .......... 6

*Gerritsen v. Warner Bros. Entm't Inc.*,
112 F. Supp. 3d 1011 (C.D. Cal. 2015) .......... 5

*Hammerling v. Google LLC,*
2022 WL 17365255 (N.D. Cal. Dec. 1, 2022) .......... 8

*Hsu v. Puma Biotechnology, Inc.*,
213 F. Supp. 3d 1275 (C.D. Cal. 2016) .......... 3, 4

*Ibey v. Taco Bell Corp.*,
2012 WL 2401972 (S.D. Cal. June 18, 2012) .......... 6

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) .......... 3, 6, 7, 8

*Ladore v. Sony Computer Entertainment America, LLC,*
75 F. Supp. 3d 1065 (N.D. Cal. 2014) .......... 6

*Lee v. City of Los Angeles*,
250 F.3d 668 (9th Cir. 2001) .......... 2, 3, 5

*Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*,
416 F.3d 940 (9th Cir. 2005) .......... 2

*Smith v. Google, LLC*,
2024 WL 2808270 (N.D. Cal. June 3, 2024) .......... 4, 6

*Spy Optic, Inc. v. Alibaba.Com, Inc.*,
163 F. Supp. 3d 755 (C.D. Cal. 2015) .......... 5, 6

*Turner v. Nuance Commc'ns*,
2024 WL 2750017 (N.D. Cal. May 28, 2024) .......... 7

*United States v. Ritchie*,
342 F.3d 903 (9th Cir. 2003) .......... 5, 7

*Valenzuela v. Keurig Green Mountain, Inc.*,
674 F. Supp. 3d 751 (N.D. Cal. 2023) .......... 8

*Weinhoffer v. Davie Shoring, Inc.*,
23 F.4th 579 (5th Cir. 2022) .......... 4, 5

*Zero Motorcycles, Inc. v. Nikola Motor Co.*,
2018 WL 3009126 (N.D. Cal. June 14, 2018) .......... 7

**RULES**

Fed. R. Civ. P. 12 .......... 2, 3

Fed. R. Evid. 201(b)(1-2) .......... 5

## INTRODUCTION

In its Request for Judicial Notice (ECF No. 17) (the "Request" or "RJN"), Defendant Twilio, Inc. ("Defendant" or "Twilio") asks this Court to take judicial notice of, or otherwise incorporate-by reference, seven corporate documents in connection with Defendant's motion to dismiss. The Request lacks merit for multiple reasons.

***First***, Defendant fails to authenticate a number of the documents at issue, which it obtained from the internet archive known as the Wayback Machine, and otherwise does not establish that the documents publicly appeared on the website from which Defendant intercepted Plaintiff's confidential communications (the "Keeps website"). Other than conclusory statements made by Defendant's counsel, Defendant provides no evidence that the documents obtained from the Wayback Machine ever appeared on the Keeps website or that they represent true and accurate copies of information posted on the Keeps website at relevant times.

***Second***, it is well established that private corporate websites are not subject to judicial notice because the information contained in such documents is, in actuality, disputed.

***Third***, Defendant improperly seeks to invoke the incorporation-by-reference doctrine to dispute Plaintiff's well-pled allegations.

***Fourth***, Defendant improperly seeks to invoke the incorporation-by-reference doctrine despite the existence of multiple versions of the documents at issue .

***Fifth***, Defendant improperly seeks to incorporate documents by reference to support affirmative defenses it may assert.

***Sixth***, because the Complaint does not extensively refer to the documents at issue, Defendant cannot invoke the incorporation-by-reference doctrine.

## THE DOCUMENTS

Defendant contends the documents for which it seeks judicial notice consist of the following: (1) three versions of the Keeps Privacy Policy (the "Privacy Policy") (RJN Ex. A-C); (2) two versions of the Keeps Terms of Use (the "Terms") (RJN Ex. D-E) and (3) three purported agreements between Defendant and Keeps between 2020 and 2022. RJN Ex F-H (the "Software

Contracts").[1] According to Defendant, only one version of the purported Keeps Privacy Policy was obtained from the Keeps website – namely, the version of the Privacy Policy that was posted on the website at the time Defendant filed its motion. *See* Kanig Decl. ¶¶ 2-4; RJN Exs. A-C. The other two documents that Defendant contends represent prior versions of the Keeps Privacy Policy came from the Wayback Machine. *See id.* Similarly, only one version of the purported Keeps Terms was obtained from the Keeps website, while the other document was obtained from the Wayback Machine. *See* Kanig Decl. ¶¶ 5-6; RJN Ex. D-E. The Software Agreements are not publicly available. *See* Kanig Decl. ¶¶ 7-9.

**ARGUMENT**

## I. LEGAL STANDARD

"As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *see also* Fed. R. Civ. P. 12(b).[2] Factual determinations on a motion to dismiss are improper. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 950 (9th Cir. 2005). District courts should not allow defendants to present their own version of the facts at the pleading stage and accept those facts as true because doing so would make it "near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim[.]" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998-99 (9th Cir. 2018).

Two narrow exceptions to the general rule—judicial notice and incorporation-by-reference—allow a court to consider extraneous documents without converting the Rule 12(b)(6) motion into a summary judgment motion. *Lee*, 250 F.3d at 688-89. The Ninth Circuit has cautioned against the "unscrupulous use of extrinsic documents" under these exceptions, which "risks premature dismissals of plausible claims[.]" *Khoja*, 899 F.3d at 998-99.

Consideration of documents through both doctrines "can mean [the plaintiff will have]

[1] Defendant also seeks judicial notice of 8 product descriptions of the Segment API, the recording software at issue in this action. RJN at 3. Plaintiff does not oppose Defendant's request for judicial notice of these documents.

[2] If the court does not exclude evidence presented outside the pleadings, "the motion must be treated as one for summary judgment[.]" Fed. R. Civ. P. 12(d).

the courthouse doors slammed shut, such that there's no discovery, no further motion practice, no cross-examination, and no jury trial." *Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp. 3d 1275, 1281 (C.D. Cal. 2016). This has "led to inappropriate efforts by defendants to expand the two doctrines" by filing motions to dismiss that make arguments more appropriate for "later stage[s] of the case." *Id.* at 1281.

## II. DEFENDANT FAILS TO AUTHENTICATE THE PURPORTED PRIOR VERSIONS OF THE PRIVACY POLICIES AND TERMS OR TO ESTABLISH THEY APPEARED ON THE KEEPS WEBSITE

While Defendant asks the Court to take judicial notice of three versions of the Keeps Privacy Policies and two versions of the Keeps Terms, Defendant did not obtain a majority of the documents presented to the Court from the Keeps website. Rather, Defendant obtained all prior versions of the purported Privacy Policies and Terms – and the only versions relevant to Defendant's motion to dismiss – from the Wayback Machine. *See* Kanig Decl. ¶¶ 2-3, 5; RJN Ex. A-B, D. Defendant provides no actual evidence that the documents from the Wayback Machine were previously publicly available on the Keeps website or that the documents truly and accurately reflect any information ever posted on the Keeps website. In lieu of evidence, Defendant merely provides the conclusory and unsupported statement of Defendant's counsel. *See* Kanig Decl. ¶¶ 2-3, 5. Given that the documents are not authenticated and otherwise wholly lack an evidentiary foundation, they are the polar opposite of the type of information subject to judicial notice.

Relatedly, as Defendant concedes, the purported prior versions of the Keeps Privacy Policies and Terms are not publicly available on the Keeps website. *See id.* Moreover, Defendant does not establish that those documents ever were available, let alone publicly available, on the Keeps website. This provides further grounds to deny Defendant's request for judicial notice as to RJN Exhibits A, B and D.

While courts in this district have taken judicial notice of documents obtained from the Wayback Machine, it does not appear that the Ninth Circuit has addressed the issue.[3] However, in

[3] Even where a court takes judicial notice of online terms obtained from the Wayback Machine, taking such notice "cannot support any conclusions regarding their terms, plaintiffs' consent to those terms, or [the defendant's] compliance with those terms." *Smith v. Google, LLC*, 2024 WL 2808270, at *3 (N.D. Cal. June 3, 2024).

*Weinhoffer v. Davie Shoring, Inc.*, 23 F.4th 579 (5th Cir. 2022), the Fifth Circuit analyzed the issue of taking judicial notice of documents obtained from the Wayback Machine and held that "the district court erred in taking judicial notice of the [document] because a private internet archive falls short of being a source whose accuracy cannot reasonably be questioned as required by Rule 201." *Id.* at 584.

With respect to the versions of the purported Privacy Policy and Terms that Defendant claims to have obtained from the Keeps website (RJN Exs. C and E), those documents are irrelevant as they came into effect after Plaintiff filed his Complaint – July 17, 2024 and August 15, 2024. *Compare* Compl. (filed June 21, 2024) *with* Kanig Decl. Ex. C (Current Privacy Policy going into effect on July 17, 2024); Kanig Decl. Ex. E (Current Terms going to effect August 15, 2024).

With respect to the Software Contracts (RJN Ex. F-G), Defendant does not contend that those documents are publicly available. *See* Kanig Decl. ¶¶ 7-9. As such, they are not subject to judicial notice.

## III. THIS COURT SHOULD NOT TAKE JUDICIAL NOTICE OF THE WEBSITE PRINTOUTS OF A PRIVATE CORPORATION OR DOCUMENTS WITHIN DEFENDANT'S CONTROL

Under the judicial notice exception, the Ninth Circuit has held that courts may only consider adjudicative facts that are either generally known or capable of accurate and ready determination from sources whose accuracy cannot be reasonably questioned. *United States v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003) (citing Fed. R. Evid. 201(b)(1-2)). Courts in this circuit carefully distinguish between private corporate websites (improper), party websites (improper), and governmentally created content on government websites that are matters of public record (proper) when taking judicial notice of a document. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (providing instances of courts properly taking judicial notice of information posted on federal government agency websites),[4] *but see Spy Optic, Inc. v.*

---

[4] *See also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1030, 1033 (C.D. Cal. 2015) (both approving of judicial notice of government websites and similar public records).

*Alibaba.Com, Inc.*, 163 F. Supp. 3d 755, 763 (C.D. Cal. 2015) (both noting that judicial notice of private corporate websites is improper).

Based on the law in this Circuit, district courts herein have repeatedly rejected taking judicial notice of a private corporate website or a party's website. *See, e.g.*, *Spy Optic*, 163 F. Supp. 3d at 763 ("private corporate websites, particularly when describing their own business, generally are not the sorts of sources whose accuracy cannot reasonably be questioned."); *Ladore v. Sony Computer Entertainment America, LLC,* 75 F. Supp. 3d 1065, 1074 (N.D. Cal. 2014) (refusing to take judicial notice of defendant Sony Computer Entertainment America, LLC's Terms of Service and/or Software Licenses because documents not the type whose "accuracy cannot be reasonably questioned."); *Ibey v. Taco Bell Corp.*, 2012 WL 2401972, *1 (S.D. Cal. June 18, 2012) (LinkedIn page and Mobil Marketing Association U.S. Consumer Best Practices are not documents sources whose accuracy cannot be reasonably questioned).

Further, even where courts take judicial notice of a website, "the court is simply taking as true that the website exists and makes certain representations about the company to the public. The court does not assume the veracity of any of the representations the website contains." *Genasys Inc. v. Vector Acoustics, LLC*, 638 F. Supp. 3d 1135, 1146 (S.D. Cal. 2022) (internal quotations and citations omitted); *see also Smith*, 2024 WL 2808270, at *3. Thus, even if the Court were to take judicial notice of the fact that the Keeps website had webpages containing the Terms and the Privacy Policy, the Court should not take judicial notice of the content contained within those webpages.

Relatedly, the Software Contracts are within Defendant's control. As such, these documents should be subject to the normal tests required for evidence at trial. Thus, even if this Court were to take judicial notice of the *existence* of the Software Contracts, it would need to conduct a fact-by-fact analysis for the information contained in these images before it could judicially notice any of those facts as true. *Khoja*, 899 F.3d at 999-1000 (overturning district court's wholesale judicial notice of a call transcript submitted to the SEC); *Farrell v. Boeing Employees Credit Union,* 761 F. App'x 682, 683–84 n.1 (9th Cir. 2019) (taking judicial notice of the existence of a government

website, but not its factual contents). As such, the Court should deny Defendant's request that the Court take judicial notice of the Software Contracts, including their content.

## IV. DEFENDANT IMPROPERLY SEEKS TO INVOKE THE INCORPORATION-BY-REFERENCE DOCTRINE TO DISPUTE PLAINTIFF'S WELL-PLEADED FACTS

"[I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja*, 899 F.3d at 1002. For incorporation-by-reference to apply, the complaint must either refer extensively to the document or the document must form the basis of the plaintiff's claim. *Id*. Merely mentioning the existence of a document is insufficient. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

While incorporation by reference can permit (but does not require) a court to accept the matters contained in incorporated documents as true in certain circumstances,[5] it is improper to "assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Khoja*, 899 F.3d at 1003. As the Ninth Circuit has explained, "[this doctrine] does not override the fundamental rule that courts must interpret the allegations and factual disputes in favor of the plaintiff at the pleading stage." *Id.* at 1014-15.

Here, Defendant improperly relies on the Software Agreements (documents Plaintiff never saw) to dispute Plaintiff's well-pleaded facts. Indeed, Plaintiff has not had an opportunity to inquire into the validity, or any breach or noncompliance with, those agreements. As such, the Court should deny Defendant's request to invoke the incorporation-by-reference doctrine with respect to the Software Agreements.

## V. INCORPORATION-BY-REFERENCE CANNOT BE USED IF THERE ARE MULTIPLE VERSIONS OF THE SUBMITTED DOCUMENT

It is well-settled that a court should decline to incorporate documents by reference (or judicially notice them) where there are multiple versions of the document; especially when it is unclear which versions of the document a plaintiff reviewed and agreed to. *Zero Motorcycles, Inc. v. Nikola Motor Co.*, 2018 WL 3009126, at *13-16 (N.D. Cal. June 14, 2018); *Turner v. Nuance*

[5] *See Khoja*, 899 F.3d at 1003 (in some circumstances a court may accept facts as true); *Ritchie*, 342 F.3d at 908 (repeatedly using discretionary language when discussing the applicability of the incorporation by reference doctrine).

*Commc'ns*, 2024 WL 2750017, at *19 (N.D. Cal. May 28, 2024) (declining to consider specific versions of an agreement under either exception, noting, *inter alia*, that "[defendant] admits that [the agreement] ha[d] been revised multiple times over the years, so the current version of [it] may not be the same as the version [p]laintiffs allegedly read"); *see also Hammerling v. Google LLC,* 2022 WL 17365255, at *4 (N.D. Cal. Dec. 1, 2022), aff'd, No. 22-17024, 2024 WL 937247 (9th Cir. Mar. 5, 2024) (declining to take judicial notice of the most recent privacy policy and data disclosure of two apps because they might not be the one plaintiff read when she downloaded and used them).

Defendant seeks to invoke the incorporation-by-reference doctrine with respect to the Software Agreements and purported Privacy Policies. RJN at 5-6. However, incorporation-by-reference is improper because there are different versions of the Software Agreements and Privacy Policies. With respect to the Privacy Policies, it is clear that Plaintiff could not have reviewed each version at the time he made his purchase with Keeps.

## VI. THE DOCUMENTS RELATE TO AFFIRMATIVE DEFENSES AND SHOULD NOT BE INCORPORATED BY REFERENCE

Defendant asks the Court to consider the Privacy Policies to prove Plaintiff consented to Defendant's alleged unlawful conduct and to argue that Defendant did not have the requisite intent required for a CIPA violation. Motion to Dismiss (ECF No. 22) at 8. These arguments are defenses to privacy laws like those alleged in the Complaint,[6] making the Privacy Policies documents improper for incorporation by reference. *See Khoja*, 899 F.3d at 1002 (a document that creates a defense to the allegations in the complaint does "not necessarily form the basis of the complaint. Otherwise, defendants could use the doctrine to insert their own version of events . . . to defeat otherwise cognizable claims").

---

[6] *See Doe I v. Google LLC*, 2024 WL 3490744, at *6 (N.D. Cal. July 22, 2024) (Lack of intent is treated as a defense to an alleged violation of the California Invasion of Privacy Act); *Valenzuela v. Keurig Green Mountain, Inc.*, 674 F. Supp. 3d 751, 756 (N.D. Cal. 2023) (Consent to the alleged interceptions treated as a defense to a CIPA claim).

## VII. THE DOCUMENTS ARE NOT EXTENSIVELY REFERRED TO IN THE COMPLAINT

None of the documents Defendant seeks to incorporate by reference is referenced "extensively" in the Complaint. An agreement of some type between Defendant and Keeps is only mentioned twice, and it is not clear whether the Software Contracts presented by Defendant are the only documents creating that agreement (or if they create the alleged agreement at all). Compl. ¶ 3, 56.

Additionally, the Terms and Privacy Policy are not referenced at all in the Complaint. It is not clear from Defendant's motion which versions of these documents are being cited and, in any case, they are only presented as defenses in Defendant's motion.

## CONCLUSION

For the foregoing reasons, Defendant's Request should be denied.

Dated: September 19, 2024

**BURSOR & FISHER, P.A.**

By: *__/s/ Brittany S. Scott__*
Brittany S. Scott

Brittany S. Scott (State Bar No. 327132)
Joshua R. Wilner (State Bar No. 353949)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: bscott@bursor.com
jwilner@bursor.com

**BURSOR & FISHER, P.A.**
Philip L. Fraietta (State Bar No. 354768)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: 646-837-7150
Facsimile: (212) 989-9163
E-Mail: pfraietta@bursor.com

**DRURY LEGAL, LLC**
Scott R. Drury (State Bar No. 355002)
6 Carriage Lane
Highwood, Illinois 60040
Telephone: (312) 358-8225
E-mail: scott@drurylegal.com

*Attorneys for Plaintiff*