KEKER, VAN NEST & PETERS LLP
BENJAMIN BERKOWITZ - # 244441
bberkowitz@keker.com
CHRISTINA LEE - # 314339
clee@keker.com
IAN KANIG - # 295623
ikanig@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

Attorneys for Defendant
TWILIO INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JONATHON PERRY-HUDSON,

Plaintiff,

v.

TWILIO, INC.,

Defendant.

Case No. 4:24-CV-03741-VC

**REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT TWILIO INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**Pursuant to Fed. R. Evid. 201.**

Date: October 31, 2024
Time: 10:00 a.m.
Courtroom: 4 — 17th Floor
Judge: Hon. Vince Chhabria

Date Filed: June 21, 2024
Trial Date: Not Yet Set

# REPLY IN SUPPORT OF TWILIO'S REQUEST FOR JUDICIAL NOTICE

Plaintiff's opposition to Twilio's request for incorporation by reference and for judicial notice is a patchwork of legal misstatements that seeks to exclude documents that doom his case. Plaintiff's complaint is based upon his allegation of a contract between Twilio and Keeps regarding Keeps's sharing of data with Twilio. But he asks this Court not to read that contract. His complaint is based also on his claim that Keeps did not disclose to him that it would share such data. And so he asks the Court not to read Keeps's Terms of Use and Privacy Policy, which disclosed precisely that. Fortunately, Plaintiff's ostrich-like position that the Court should be forced to ignore these documents that are fundamental to his claims is simply not the law. Each of these documents is properly incorporated by reference and subject to judicial notice.

## I. TWILIO'S REQUEST FOR INCORPORATION BY REFERENCE IS PROPER.

### A. Plaintiff incorporated Twilio's contract with Keeps by citing and relying on it to falsely allege that they agreed to unlawfully wiretap his communications.

Plaintiff cannot exclude Twilio's contract with Keeps—that he alleges is an "agreement for [Twilio] to wiretap Plaintiff's [] communications on the [Keeps] Website" that "enable[d] the conduct at issue"—from the pleading record. Dkt. No. 17 ("RJN") at 5 (quoting Compl. ¶¶ 5, 56). In reality, the contract prohibits Keeps from sending customer health information to Twilio without first providing all necessary disclosures to its customers and securing their consent. Kanig Decl., Ex. F ¶ 5.2 & Ex. G ¶¶ 6.2–6.4. Thus, Twilio's actual agreement shows that Twilio did not have the requisite intent to invade Plaintiff's privacy by wiretapping his communications with Keeps, contrary to his conclusory mischaracterization of that document. MTD at 8–10.

In his opposition to incorporation by reference, Plaintiff does not dispute that he relies on Twilio's contract with Keeps to state his claims, that these documents are authentic, or that they are relevant to Twilio's motion to dismiss. Accordingly, incorporation is warranted. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (incorporation is proper where the plaintiff relies on a document to state his claims); *see also Doe I v. Google LLC*, — F. Supp. 3d —–, 2024 WL 3490744, at *5 (N.D. Cal. Jul. 22, 2024) (incorporating software contract under materially-identical facts); *In re Facebook, Inc., Consumer Priv. User Profile Litig.*, 402 F. Supp.

3d 767, 791 (N.D. Cal. 2019). And "where a complaint incorrectly summarizes or characterizes a legally operative document . . . incorporated by reference in the complaint . . . the document itself is controlling." *In re Finjan Holdings, Inc.*, 58 F.4th 1048, 1052, n.1 (9th Cir. 2023)

Plaintiffs' arguments against incorporation by reference are quickly dispatched. ***First,*** Plaintiff contends that incorporation by reference of the Keeps contract is improper because Twilio is seeking to use it to "dispute Plaintiff's well-pleaded facts." Opp. at 6. As an initial matter, Plaintiff does not identify ***any*** well-pleaded facts to which he is referring, or why this document cannot be incorporated in light of those well-pleaded facts. Thus, his objection rests on mere boilerplate. But even so, Plaintiff is mischaracterizing the doctrine of incorporation by reference. In *Khoja v. Orexigen Therapeutics, Inc.*, the Ninth Circuit explained that, as a general rule, a defendant may incorporate a document, and the court "may assume that [its] contents are true for the purpose of a motion to dismiss," when the plaintiff relies upon the document in his complaint. 899 F.3d at 1003. But as a corollary to that general rule, the court also explained that a defendant generally cannot incorporate a document that "the complaint does not mention at all" to "create[] a defense to the well-pled allegations in the complaint" because, in those situations, the document "did not necessarily form the basis of the complaint." *Id.* at 1002–03. Thus, where the defendant is "us[ing] the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims," incorporation is improper. *Id.* at 1002. ***In that same situation***, where a defendant seeks to incorporate a document not mentioned in or relied upon by a complaint, "it is improper to assume the truth of [the] incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.* at 1003.

That is not what Twilio is requesting here. Twilio validly seeks to incorporate its contract with Keeps—that Plaintiff ***alleges to exist*** and ***relies upon*** as the foundation for his claims—to show that Plaintiff is falsely characterizing that agreement. What the contract actually shows is that Twilio ***did not*** willfully agree to wiretap or invade his privacy without authorization Plaintiff's communications with Keeps containing his personal health information. MTD at 8–10. That is a situation where the Ninth Circuit has held incorporation is proper. *See Khoja*, 899 F.3d at 1003; *see also Finjan*, 58 F.4th at 1052, n.1. In a separate section of his opposition, Plaintiff

also argues this Court held that "[l]ack of intent is treated as a defense" to a CIPA claim in *Doe I v. Google LLC* and thus incorporation of Twilio's contract is improper. Opp. at 7, n.6. But that case held the ***opposite*** is true. *See Doe I*, 2024 WL 3490744, at *6 ("CIPA liability only extends to willful or intentional conduct."). Thus, Twilio is not using its contract with Keeps to introduce a new document that the complaint does not rely upon to create a dispute of fact or to introduce an affirmative defense. Instead, Twilio is using its contract with Keeps to show that Plaintiff's claims ***are not based on well-pleaded facts*** as needed to satisfy this intent requirement, but rather upon a speculative and false mischaracterization of the contract alleged in his complaint.

***Second,*** Plaintiff contends that incorporation is improper because he did not "extensively" refer to this contract. Opp. at 8 ("An agreement of some type between [Twilio] and Keeps is only mentioned twice, and it is not clear whether the Software Contracts presented by Defendant are the only documents creating that agreement (or if they create the alleged agreement at all)."). But Twilio validly seeks incorporation because the contract forms the basis of his claims; Plaintiff did not need to extensively reference it for incorporation to be proper. *See Khoja*, 899 F.3d at 1002. In any case, Plaintiff repeatedly references the contract in his complaint. *See* Compl. ¶¶ 5, 56.

***Third,*** Plaintiff briefly mentions that incorporation of the contract is improper because he "has not had an opportunity to inquire into the validity, or any breach or noncompliance with, those agreements." Opp. at 6. This argument again misunderstands the doctrine. Incorporation turns only on whether "the plaintiff refers extensively to the document ***or*** the document forms the basis of the plaintiff's claim." *Khoja*, 899 F.3d at 1002 (emphasis added). Once one of those disjunctive conditions is satisfied, the inquiry ends. That Twilio's contract shows that Plaintiff's claims do not have merit does not entitle him to discovery to overcome his pleading problem. Plaintiff has alleged that the ***contract itself*** is the basis for his allegation that Twilio wiretapped and invaded his claims—not that Twilio did so in breach or noncompliance with the contract.

***Fourth,*** Plaintiff next argues that incorporation of the Keeps contract is improper because "there are different versions of the Software Agreements." Opp. at 7. This is incorrect. The contract is composed of three documents: (1) a master contract (Exhibit F); (2) a concurrent addendum to that contract (Exhibit G), and (3) an amendment to that addendum (Exhibit H). RJN

at 3 (citing Kanig RJN Decl. ¶¶ 7–9, Exs. F–H). That the contract is composed of three documents, including one later amendment, does not mean there are multiple "versions," but rather that these three documents collectively form the agreement between Keeps and Twilio. More to the point, the amendment predated the events alleged in the complaint by more than a year, so there was only ever one "version" of this contract in effect during the relevant time period. *Compare* Kanig Decl. ¶ 9, Ex. H (amendment took effect in November 2022) *with* Compl. ¶ 5 (Plaintiff visited the Keeps website in May 2024).

***Finally,*** Plaintiff argues that because Twilio's contract with Keeps is "within Defendant's control," it "should be subject to the normal tests required for evidence at trial." *Id.* But he does not contest the authenticity of this contract, which has been properly authenticated and introduced as evidence at this stage by declaration. Moreover, a plaintiff's "bald allegation that [a document] is not authentic does not raise an actual dispute as to the document's authenticity." *Sarmiento v. Sealy, Inc.*, 367 F. Supp. 3d. 1131, 1143 (N.D. Cal. 2019) (incorporating by reference a document plaintiff alleged to be inauthentic); *see, e.g.*, *Golub v. Gigamon Inc.*, 372 F. Supp. 3d 1033, 1043 (N.D. Cal. 2019) (judicially noticing a document where the plaintiff's argument "[did] not raise doubts about the authenticity or accuracy of the [documents]"); *Martinez v. Welk Grp., Inc.*, No. 09 CV 2883 MMA (WMc), 2011 WL 90313, at *3 (S.D. Cal. Jan. 11, 2011) (rejecting "attempt to dispute the authenticity of [a document as] unsupported").

### B. Plaintiff does not oppose Twilio's request to incorporate by reference its product descriptions about its Segment software and Engage functionality.

Plaintiff does not oppose Twilio's request to incorporate by reference the descriptions of Twilio's Segment software, including its available Engage functionality, published primarily on Twilio's website. Opp. at 2, n.1; *see also* RJN at 3 (discussing Kanig Decl. ¶¶ 10–17, Exs. I–P). He also does not challenge the basis for incorporation by reference of these materials—that his complaint falsely alleges that these materials show that, when Engage is enabled, Twilio uses the personal health information it receives from customers like Keeps to benefit itself and unrelated third parties. *See* MTD at 6–7. And he does not dispute that his complaint extensively relies upon this false allegation to state his privacy claims against Twilio. *See* RJN at 5. Accordingly,

this Court should grant Twilio's request to incorporate these product descriptions by reference.

**C. The Keeps Privacy Policy is properly incorporated by reference to show that Keeps disclosed its data-sharing practices to Plaintiff.**

Where a plaintiff's claims depend on his allegation that notice was not provided, and a defendant provides evidence that such notice did occur, courts have held that such evidence is integral to the complaint and properly subject to incorporation by reference. *See, e.g., Al-Ahmed v. Twitter, Inc.*, No. 21-CV-08017-EMC, 2022 WL 1605673, at *4 (N.D. Cal. May 20, 2022) (incorporating by reference a notice alleged not received by plaintiff); *Starks v. Geico Indem. Co.*, No. CV-15-5771-MWF (PJW), 2015 WL 12942282, at *2 (C.D. Cal. Nov. 10, 2015) (same); *Chyba v. Green Tree Servicing, LLC*, No-12-CV-2530-H (WMC), 2012 WL 12874929, at *2 (S.D. Cal. Dec. 12, 2012) (incorporating written correspondence between the parties where plaintiff "alleg[ed] that [defendant] did not send her written notice"). Here, Plaintiff's complaint alleges that he was not provided notice by the Keeps website about its data-sharing practices. *See* Compl. ¶¶ 5–7, 76, 86, 92. Accordingly, incorporation by reference of the Keeps Privacy Policy to show that Plaintiff was notified of these data practices is proper. *See Al-Ahmed*, 2022 WL 1605673, at *4; *Starks*, 2015 WL 12942282, at *2; *Chyba*, 2012 WL 12874929, at *2.

Plaintiff does not dispute the legal or factual basis for the incorporation of this document. Instead, in the context of opposing Twilio's parallel request for judicial notice of this document, Plaintiff argues that archived internet materials, such as the version of the Keeps Privacy Policy that existed at the time he made his purchase on the Keeps website, are unauthenticated and unreliable. That is false, for the reasons addressed below. Thus, this Court should incorporate the Keeps Privacy Policy.

## II. TWILIO'S REQUEST FOR JUDICIAL NOTICE IS ALSO PROPER.

**A. The previous versions of the Keeps Privacy Policy—as archived internet records—are properly subject to judicial notice.**

The Keeps Privacy Policy that was in effect at the time that Plaintiff accessed the Keeps website is relevant to Twilio's motion to dismiss because it shows that the precise Keeps data policies that Plaintiff challenges were disclosed to him at that time. *See* Kanig Decl., Ex. A ¶ 9.

Plaintiff does not dispute this. He also does not meaningfully dispute that Twilio has established this was the Keeps Privacy Policy in effect at the relevant time because its effective date is date-stamped and corroborated by the materially identical versions of the Keeps Privacy Policy that followed it, as attested to in the Kanig Declaration. *See* Kanig Decl. ¶¶ 2–4.[1]

Instead, Plaintiff contends that it is improper to take judicial notice of archived internet records from the Internet Archive's Wayback Machine. Opp. at 3–4. Not so. "[D]istrict courts in this circuit ***routinely*** take judicial notice of content from the Internet Archive's Wayback Machine" because they are "***inherently reliable***" internet records. *Parziale v. HP, Inc.*, No. 5:19-CV-05363-EJD, 2020 WL 5798274, at *3 (N.D. Cal. Sept. 29, 2020) (emphases added); *accord Zhang v. Twitter Inc.*, No. 23-CV-00980-JSC, 2023 WL 5493823, at *3 (N.D. Cal. Aug. 23, 2023); *Yuksel v. Twitter, Inc.*, No. 22-CV-05415-TSH, 2022 WL 16748612, at *3 (N.D. Cal. Nov. 7, 2022); *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021); *Amin v. Subway Restaurants, Inc.*, No. 21-CV-00498-JST, 2021 WL 11680840, at *2 (N.D. Cal. Oct. 7, 2021); *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 829 (N.D. Cal. 2019); *Fed. Trade Comm'n v. LendingClub Corp.*, No. 18-CV-02454-JSC, 2018 WL 11436309, at *4 (N.D. Cal. Oct. 3, 2018); *Erickson v. Nebraska Machinery Co.*, No. 15-cv-01147-JD, 2015 WL 4089849, at *1 n.1 (N.D. Cal. July 6, 2015). As these decisions all hold, archived versions of webpages, like the Keeps Terms and Keeps Privacy Policy, are not reasonably disputed and thus subject to judicial notice.

Plaintiff mischaracterizes a Fifth Circuit decision, finding that the Wayback Machine is not sufficiently reliable without additional authentication, as a decision holding that any attempt to judicially notice its archived internet records should be denied. Opp. at 3–4 (*citing Weinhoffer v. Davie Shoring, Inc.*, 23 F.4th 579, 584 (5th Cir. 2022)). But Plaintiff omits that courts in this District have held that these archived internet records are self-authenticating, at least where the

---

[1] Plaintiff disputes the relevance of the Keeps Privacy Policy and Keeps Terms that came into effect after he accessed the Keeps website to make the purchase that gave rise to his claims. Opp. at 4. Twilio requests judicial notice of the two versions of the Keeps Privacy Policy that came into effect after he accessed the Keeps website to show that their key disclosures have remained materially the same during the timeframe of this lawsuit. *See, e.g.*, *Erickson*, 2015 WL 4089849, at *1 (taking judicial notice of archived versions of a webpage because it "shows that the websites were substantively identical during the relevant timeframe"). For purposes of Twilio's motion to dismiss, there are no material differences between these agreements.

documents "bear Wayback Machine watermark and the dates on the documents match those asserted in the [attorney] declaration" introducing them," because in those cases "there is nothing to suggest that the Wayback Machine's 'accuracy can[] reasonably be questioned." *See LendingClub*, 2018 WL 11436309, at *4. This Court should follow the decisions in this Circuit.

**B. Twilio's request for judicial notice of the Keeps Terms and Privacy Policy seeks judicial notice only of the existence of those documents, not their truth.**

Finally, Plaintiff argues that it is improper to take judicial notice of the current Keeps Terms and Keeps Privacy Policy because they are from "a private corporate website." Opp. at 4–5. Plaintiff's objection appears to be that this Court should not take judicial notice of the truth of the statements contained in the Keeps Terms and Keeps Privacy Policy. *See* Opp. at 4 (citing *Spy Optic, Inc. v. Alibaba.Com, Inc.*, 163 F. Supp. 3d 755, 763 (C.D. Cal. 2015) (stating that "private corporate websites, particularly when describing their own business, generally are not the sorts of sources whose accuracy cannot reasonably be questioned") (quoting *Victaulic Co. v. Tieman*, 499 F.3d 227, 237 (3d Cir. 2007)). But Twilio is not seeking to notice of the truth of any statement. Twilio is requesting judicial notice of the ***existence*** of the disclosures contained in these documents. *See, e.g.*, *Genasys Inc. v. Vector Acoustics, LLC*, 638 F. Supp. 3d 1135, 1146 (S.D. Cal. 2022) ("[T]he court is simply taking as true that the website exists and makes certain representations about the company to the public. The court does not assume the veracity of any of the representations the website contains."); *Permito v. Wells Fargo Bank, N.A.*, No. C-12-00545 YGR, 2012 WL 1380322, at *2 (N.D. Cal. Apr. 20, 2012) (judicial notice of legally-operative language is proper); *see also Finjan*, 58 F.4th at 1052, n.1 (holding that judicial notice of legally operative language controls over allegations made in a complaint to the contrary).

To the extent that Plaintiff is contending that judicially noticing even the mere existence of private webpages is improper, he is incorrect. Courts routinely take judicial notice of terms of service and privacy policies. *E.g., Zhang* 2023 WL 5493823, at *3 (Twitter); *In re Google, Inc. Privacy Policy Litig.*, No. C 12-01382 PSG, 2012 WL 6738343, at *3–4 (N.D. Cal. Dec. 28, 2012) (Google); *Datel Holdings, Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983–84 (N.D. Cal. 2010) (Microsoft); *see also Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139,

146 (N.D. Cal. 2020) (holding that it is generally appropriate to judicially notice webpages). None of the cases that Plaintiff cites take a contrary position. Indeed, the only case he cites that denied judicial notice of a such a document did so because its contents were actively in dispute. *See Ladore v. Sony Computer Ent. Am., LLC*, 75 F. Supp. 3d 1065, 1074 (N.D. Cal. 2014).

**III. CONCLUSION**

Twilio's request for incorporation by reference and judicial notice should be granted.

Dated: October 10, 2024

KEKER, VAN NEST & PETERS LLP

By: */s/ Ian Kanig*
BENJAMIN BERKOWITZ
IAN KANIG
CHRISTINA LEE

Attorneys for Defendant
TWILIO INC.