KEKER, VAN NEST & PETERS LLP
BENJAMIN BERKOWITZ - # 244441
bberkowitz@keker.com
CHRISTINA LEE - # 314339
clee@keker.com
IAN KANIG - # 295623
ikanig@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

Attorneys for Defendant
TWILIO INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JONATHON PERRY-HUDSON,<br><br>Plaintiff,<br><br>v.<br><br>TWILIO, INC.,<br><br>Defendant. | Case No. 4:24-CV-03741-VC<br><br>**SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT TWILIO INC.'S MOTION TO DISMISS COMPLAINT**<br><br>**Pursuant to Fed. R. Evid. 201.**<br><br>Date: October 31, 2024<br>Time: 10:00 a.m.<br>Courtroom: 4 — 17th Floor<br>Judge: Hon. Vince Chhabria<br><br>Date Filed: June 21, 2024<br>Trial Date: Not Yet Set |

# TWILIO'S SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE

Twilio respectfully requests incorporation by reference and judicial notice of two versions of one webpage on the Keeps website that are relevant to respond to an argument raised in Plaintiff's opposition to Twilio's motion to dismiss. There, Plaintiff baldly claims that there is no evidence of the "process by which" Keeps presented him with its Privacy Policy when he created his Keeps account, even though he does not deny Keeps presented it to him or respond to the Keeps declaration that Twilio submitted attesting that he was in fact presented with it. Dkt. No. 24 ("MTD Opp.") at 2–5. For this reason, Twilio now requests that the following responsive evidence be admitted with its supporting reply brief, which shows the "the process by which a visitor to the [Keeps] Website, including Plaintiff, would be on notice of the Privacy Policy." *Id.; see also Hodges v. Hertz Corp.*, 351 F. Supp. 3d 1227, 1248–49 (N.D. Cal. 2018) ("[T]he court has the discretion to consider new evidence presented on reply, particularly if the new evidence appears to be a reasonable response to the opposition.") (citing Civ. L.R. 7–4).

## I. SUPPLEMENTAL MATERIALS SHOW THE PROCESS BY WHICH KEEPS PRESENTS ITS TERMS AND PRIVACY POLICY TO ACCOUNT CREATORS.

Attached as **Exhibit Q** to the supporting Declaration of Ian Kanig filed concurrently herewith is an archived copy of the webpage on the Keeps website that was presented to its visitors when they created a Keeps account as of May 2023. And attached as **Exhibit R** to the Kanig Declaration is a materially-identical copy of the same webpage on the Keeps website that Keeps currently presents to Keeps website visitors when they create a Keeps account.

Both versions of this same webpage on the Keeps website show that Keeps presented visitors who created a Keeps account with the Keeps Terms in the form of a standard, enforceable "sign-in wrap" agreement. *Accord* Dkt. No. 15–7 ¶¶ 2–3. Keeps prompted visitors creating a Keeps account to enter their name and email address and click a "CONTINUE" button in order to proceed. Supp. Kanig Decl., Exs. Q & R. Directly beneath that button, Keeps informed them that, "By continuing, you agree to accept our Terms & Conditions and Privacy Policy." *Id.* The "Terms & Conditions" and "Privacy Policy" language are conspicuously underlined hyperlinks on an otherwise blank white part of the page that put Plaintiff on notice of these terms. *Id.*

Thus, contrary to Plaintiff's conclusory objection in his opposition to Twilio's motion to dismiss, Keeps presents the Keeps Terms and Keeps Privacy Policy to those creating accounts.

## II. JUDICIAL NOTICE AND INCORPORATION BY REFERENCE OF THE CURRENT AND PRIOR VERSION OF THESE WEBPAGES IS PROPER.

Judicial notice of these materials is proper because they are publicly available archived internet records that are available on the Internet Archive's Wayback Machine. *Parziale v. HP, Inc.*, No. 5:19-CV-05363-EJD, 2020 WL 5798274, at *3 (N.D. Cal. Sept. 29, 2020) ("[D]istrict courts in this circuit have ***routinely*** taken judicial notice of content from the Internet Archive's Wayback Machine" because they are "***inherently reliable***" internet records.") (emphasis added).

Incorporation of the archived version of this webpage (Exhibit Q) is also proper because Plaintiff selectively omits it from his complaint in depicting his Keeps account creation process. *See* Compl. ¶¶ 38–51 & Figs. 1–9. "The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). Yet that is precisely what Plaintiff did in his complaint by omitting this screen.

For these reasons, Twilio respectfully requests this Court grant its supplemental request for judicial notice and incorporation by reference in support of its pending motion to dismiss.

Dated: October 10, 2024

KEKER, VAN NEST & PETERS LLP

By: */s/ Ian Kanig*
BENJAMIN BERKOWITZ
IAN KANIG
CHRISTINA LEE

Attorneys for Defendant
TWILIO INC.